IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEVERLY J. BEARD | : | |
| | : | |
| v. | : | CIVIL NO. CCB-11-285 |
| | : | Criminal No. CCB-08-141 |
| UNITED STATES OF AMERICA | : | |

...o0o...

**MEMORANDUM**

Federal prison inmate Beverly Beard filed a motion to correct sentence on January 25, 2011, which was construed as a motion to vacate under 28 U.S.C. §2255, and a motion for review of sentencing on January 12, 2011.[1] In these motions she asserts ineffective assistance of counsel, improper calculation of her criminal history, improper calculation of the amount of restitution, and improper imposition of a two-level enhancement for obstruction of justice.

Beard was convicted by a jury on three counts of false statement and one count of Social Security fraud, for which she was sentenced to 30 months imprisonment on May 29, 2009. Counsel on appeal filed an *Anders* brief, and Beard filed her own pro se brief as well. The Fourth Circuit affirmed her conviction and sentence on December 8, 2010. 404 F. App'x 736. The present motions followed.

As to ineffective assistance, Beard has failed to show that the performance of her experienced defense counsel, Roland Walker, was deficient or that any prejudice resulted from the actions she complains of. *See Strickland v. Washington*, 466 U.S. 668 (1984). Regarding the failure to call a forensic expert, Mr. Walker's affidavit demonstrates that he consulted such an

---

1 In her reply to the government's response, Ms. Beard asserted that her motion should not be construed under §2255, but the claims she raises, particularly ineffective assistance of counsel, are generally subject to that construction. In any event, no other §2255 motion has been filed, and any such motion would now be time-barred.

expert, but no helpful testimony could be provided. (Gov't. Resp., Ex. A, Affidavit). Not to call the expert was therefore a reasonable strategic decision that did not prejudice Beard. Regarding Beard's claim that Mr. Walker failed to discuss the pre-sentence report with her or that she was deprived of her right to allocution, the record shows these claims are false. (*Id.*, Ex. A, Affidavit and attachments; Ex. B, Sentencing Transcript May 29, 2009 at 46-49). It appears that Mr. Walker may have advised her against discussing the facts of the case, in light of her intent to appeal the jury's verdict. Ultimately, however, the choice of what to say was Beard's. Further, Mr. Walker's advice was a strategic decision (with which the court does not disagree).

Beard's arguments related to criminal history and restitution appear similar to arguments raised in her pro se appeal, which was denied by the Fourth Circuit. In any event, the issue of criminal history was considered by the court and a lower category would not have affected the sentence. (See ECF No. 82 Sentencing Transcript at 61). No error has been shown as to the restitution amount of $184,482.73, even assuming such error would be cognizable under 28 U.S.C. §2255. Finally, the record reflects that the guidelines enhancement for obstruction of justice was fully deserved. (*Id*. at 36-40). Accordingly, Beard's motion will be denied.

Beard does not meet the standard for issuance of a certificate of appealability under 28 U.S.C. §2253(c). Accordingly, no certificate will be issued by the court.[2]

A separate Order follows.

November 19, 2012                                   /s/
    Date                                   Catherine C. Blake
                                                          United States District Judge

---

[2] Beard is of course free to seek a certificate of appealability from the Fourth Circuit.